IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA          )
                                  )
    v.                            )    Criminal No. 11-251
                                  )
JAMES DONIS                       )


O P I N I O N

DIAMOND, D.J.

On November 2, 2011, a grand jury returned a three-count indictment against defendant James Donis charging him with the following: (1) deprivation of civil rights on or about April 6, 2010, in violation of 18 U.S.C. §242; (2) falsification of a document on or about April 26, 2011, in violation of 18 U.S.C. §1519; and (3) false claims to law enforcement on or about April 29, 2011, in violation of 18 U.S.C. §1001.

Presently before the court are the following pretrial motions filed by defendant: (1) motion to compel disclosure of impeachment material and exculpatory evidence (Document No. 22); (2) motion requesting notice pursuant to Rule 404(b) (Document No. 23); and (3) motion to retain and provide rough notes (Document No. The government has filed an omnibus response to defendant's pretrial motions (Document No. 38). For the reasons stated herein, the motions will be granted in part and denied in part.

## Motion to Compel Disclosure of Impeachment Material and Exculpatory Evidence (Document No. 22)

Defendant has filed a motion seeking discovery of eight broad categories of information, including <u>inter alia</u> requests for exculpatory evidence and impeachment material relating to government witnesses.

Generally, governmental disclosure of evidence in criminal cases is governed by Federal Rule of Criminal Procedure 16(a). The United States Court of Appeals for the Third Circuit has recognized that discovery in criminal cases is limited to those areas delineated in Rule 16(a)(1) "with some additional material being discoverable in accordance with statutory pronouncements and the due process clause of the Constitution." <u>United States v. Ramos</u>, 27 F.3d 65, 68 (3d Cir. 1994). As a general matter, these other areas are limited to the Jencks Act, 18 U.S.C. §3500, and materials available pursuant to the "<u>Brady</u> doctrine."[1] <u>Id.</u>

In response to defendant's discovery motion, the government has acknowledged its obligations under Rule 16(a), the <u>Brady</u> doctrine and the Jencks Act. The government further indicates in its response that it is unaware of the existence of any directly exculpatory <u>Brady</u> material pertaining to defendant that has not already been disclosed. However, if the government discovers any such material, it must be provided to him. Accordingly,

---

[1] <u>Brady v. Maryland</u>, 373 U.S. 83 (1963).

2

defendant's request for exculpatory evidence will be granted in part, and the government shall turn over all information falling under Rule 16(a) and the Brady doctrine to the extent that any such information exists and has not already been provided to him. To the extent defendant's discovery motion requests information that does not fall within the scope of Rule 16(a), Brady or the Jencks Act, those requests will be denied.

As to the timing of the required disclosures, it is well settled that the government's obligations under Brady require it to disclose actual exculpatory evidence without undue delay. In contrast, Brady impeachment material ordinarily must be disclosed "in time for its effective use at trial." United States v. Higgs, 713 F.2d 39, 44 (3d Cir. 1983). Therefore, should the government discover the existence of any exculpatory Brady evidence, such evidence shall be disclosed to defendant forthwith. As to impeachment material, the Third Circuit encourages adherence to the long-standing policy of promoting early production of all types of Brady material "to ensure the effective administration of the criminal justice system." United States v. Starusko, 729 F.2d 256, 261 (3d Cir. 1984) (quoting Higgs, 713 F.2d at 44, n.6). Given the nature of this case, disclosure of Brady impeachment material no later than ten days prior to trial is sufficient to protect defendant's due process rights and to ensure that trial delay is avoided, and an order will be entered to that effect.

3

Motion Requesting Notice Pursuant to Rule 404(b) (Document No. 23)

Defendant has filed a motion requesting that the government provide notice of any evidence which it intends to offer at trial pursuant to Federal Rule of Evidence 404(b).

On request by a defendant in a criminal case, Rule 404(b)(2) requires the government to provide reasonable notice prior to trial of its intention to use evidence of other crimes, wrongs or acts for the purposes enumerated in the rule. According to the commentary to Rule 404(b), other than requiring pretrial notice, no specific time limits are stated in recognition that what constitutes reasonable notice will depend on the circumstances of each case. Courts that have considered what constitutes "reasonable notice" have concluded that notice of intent to use Rule 404(b) evidence seven to ten days prior to trial is sufficient. See United States v. Evangelista, 813 F.Supp. 294, 302 (D.N.J. 1993) (ten days); United States v. Alex, 791 F.Supp. 723, 728-29 (N.D.Ill. 1992) (seven days); United States v. Williams, 792 F.Supp. 1120, 1133 (S.D.Ind. 1992) (ten days).

In response to defendant's motion, the government indicates that it has not yet identified the specific uncharged misconduct evidence that it will seek to introduce against him at trial under Rule 404(b). However, the government agreed to provide the required notice of Rule 404(b) evidence two weeks prior to trial, and an order will be entered to that effect.

4

Motion to Retain and Provide Rough Notes (Document No. 24)

Defendant has filed a motion to require the government to retain all rough notes of law enforcement officers and investigating agents which may constitute Brady or Jencks material. In United States v. Vella, 562 F.2d 275, 276 (3d Cir. 1977), the Third Circuit held that rough interview notes should be preserved so that the court can determine whether they should be made available to the defendant under Brady or the Jencks Act. See also United States v. Ammar, 714 F.2d 238, 259 (3d Cir. 1983) (extending rule to require preservation of drafts of agents' reports). The government has indicated that it is aware of its obligation to retain these materials and will do so. Accordingly, the court will grant defendant's motion to require retention of rough notes and order the government to preserve any such materials.

An appropriate order will follow.

/s/ Gustave Diamond
Gustave Diamond
United States District Judge

Date: August 15, 2012

AO 72
(Rev. 8/82)

cc: Shaun E. Sweeney
    Amy L. Johnston
    Assistant U.S. Attorneys

    Patricia A. Sumner
    United States Department of Justice
    Civil Rights Division

    Charles J. Porter, Esq.
    200 Koppers Building
    436 Seventh Avenue
    Pittsburgh, PA 15219

AO 72
(Rev. 8/82)